Davis v. Stevens.

## DAVIS v. STEVENS.

Parties may make time of the essence of a contract, and in such case, they must be held to a strict compliance in time, to the same extent as they are to any other essential part of the agreement.

Where a material averment in a bill in chancery is positively denied by the respondent, the testimony of one witness is not sufficient to overcome the answer. There must be something more than the oath of the witness, against that of the respondent.

Where an action to enforce the specific performance of a contract to sell and convey real estate, was brought upon a written contract, which provided that the respondent agreed to "sell and convey, by deed of special warranty, unto J. D. Davis, the (land, describing it), on condition, that said Davis pay promptly, time being of the essence of the contract, a certain promissory note, given September 17, 1853, calling for $270, payable September 17, 1854. If said note is not paid when due, I am privileged to enter upon and occupy said land, or to allow said Davis to do so, at my option, provided always that interest is paid on said note at the rate of ten per centum per annum. It is understood by the parties hereto, that the said Davis is to pay all taxes that may accrue on said land, and not to cut timber except for farming purposes. Then this bond to be carried into full effect, provided no pre-emption right attaches upon or vacates my present entry of said land," which bond was dated September 17, 1853; and where the bill alleged that before the note matured, the respondent made a verbal agreement with the complainant, by which the latter obtained an extension of the time of payment for six months beyond the time originally fixed by the contract, in consideration of which the complainant agreed to pay ten per cent. interest on the whole amount until paid; and also alleged a tender, on the 2d day of February, 1855, of the full amount of principal and interest due on said note, and a demand of a deed, which was refused; and where the answer admitted the making of the written contract, and the tender and demand for the deed; denied any subsequent contract for the extension of time, and any and all other matters alleged in the petition, and averred that the complainant having failed to pay the note at maturity, according to the

terms of the written contract, the respondent held said contract forfeited, and so declared said contract no longer in force; that he canceled the note, and claims nothing thereon; that he has, since the maturity of said contract, always been ready and willing to deliver said note to complainant, and that he brings the same into court to be delivered to him; to which no replication was filed; and where but one witness testified to the extension of time; *Held*, 1. That time was of the essence of the contract; 2. That the averment of the bill, that the time of payment was extended, was not sustained by sufficient proof, to entitle the complainant to relief.

## *Appeal from the Polk District Court.*

THIS was a bill in chancery, praying the specific execution of a contract made by defendant to plaintiff, for the sale of a certain tract of land. The material parts of said contract are as follows: the defendant agreed to "sell and convey by deed of special warranty unto J. D. Davis, the (describing the land), on condition, that said Davis pay promptly, time being of the essence of the contract, a certain promissory note, given September 17th, 1853, calling for two hundred and seventy dollars, payable September 17th, 1854. If said note is not paid when due, I am privileged to enter upon and occupy said land, or to allow said Davis to do so, at my option, provided always, that interest is paid on said note at the rate of ten per centum per annum. It is understood by the parties hereto, that the said Davis is to pay all taxes that may accrue on said land, and not to cut timber, except for farming purposes. Then this bond to be carried into full effect, provided no pre-emption right attach upon or vacate my present entry of said land." This contract was dated September 17th, 1853, and delivered to plaintiff. The bill alleges, that before the note mentioned in the contract matured, the plaintiff called upon defendant, and then and there, by a verbal agreement, obtained an extension of time of payment for six months beyond the time originally fixed by the contract, in consideration of which, plaintiff agreed and undertook to pay ten per cent. interest on the whole amount until paid. He also avers a tender on the second day of February, 1855, of the full amount of principal and interest due on said note, and that he then

demanded a deed, which was refused. The defendant, in his answer, admits the making of the written agreement, but denies any subsequent contract for the extension of time, and any and all other matters alleged in the petition. He also alleges and avers, that the plaintiff having failed to pay the note at maturity, according to the terms of the written agreement, he (defendant) "held said contract forfeited, and all of the rights of the plaintiff thereunder, and so declared said contract no longer in force;" that he canceled the note, and claims nothing thereon; and that he has, since the maturity of said contract, always been ready and willing to deliver said note to plaintiff; and brings the same into court to be delivered to him.

To this answer, there was no replication. The case was heard on certain exhibits, depositions, and admissions, which show the following state of facts: There is no controversy, but that defendant made the original agreement, and it is also admitted, that plaintiff did, on the second of February, 1855, tender to the plaintiff the amount due on the note, and demanded a deed; and that defendant refused to receive the same, or make the deed, claiming that the bond was forfeited, and offering to give up the note. The money tendered was also brought into court, and tendered to defendant. Across a copy of the note attached to the pleadings, are written the following words: "canceled, bond forfeited, and note ready for delivery, upon return of bond." Defendant is a land agent and banker, and was engaged in the business of entering land on time. There is but one witness who testifies to the extension of time, and the substance of his testimony is contained in the following answers to interrogatories proposed to him on that subject. Witness asked defendant, if he was agoing to let plaintiff have the land, and defendant said, "that he had told plaintiff when he called on him, that he would write to the man who furnished the money to enter the land, to know if he would be willing for Mr. Davis to have the land, and that Mr. Davis became angry." At the same time, witness states, that defendant claimed that the land was forfeited. Witness also states,

Davis v. Stevens.

that he asked defendant if he did not give plaintiff six months further time, to which defendant replied, "that he had frequently given further time; that he might have given Davis further time; or, that he had no doubt he gave him further time; but that he did not recollect that he gave him six months." These conversations took place in the winter or spring of 1855. One witness testified, that defendant told him that he had sold the land, but when is not shown. There is some testimony as to the manner in which defendant transacted business as land agent, but as it has no pertinency to the case, it need not be stated. There is no proof as to possession or improvements. On this state of facts, the court below decreed a specific performance of the contract, and from this decree defendant appeals.

*Brown & Elwood*, for the appellants.

*Knapp & Caldwell*, for the appellee.

WRIGHT, C. J.—We do not think this decree can be sustained. The parties have by their agreement, made time of the essence of the contract. This it was entirely competent for them to do, and we have no right or power to make a different one for them. That time is of the essence, is not left to implication; but it is made so, by express stipulation. Under such a contract, parties must be held to strict compliance in time, to the same extent as they are to any other essential part of the agreement. *Young* v. *Daniels*, 2 Iowa, 156; *Taylor* v. *Longworth*, 14 Pet. 112. As if conscious of this rule, plaintiff places his claim to a specific performance, for the most part, upon the alleged agreement of defendant to extend the time of payment. Without taking time to consider the objection made by defendant, that this agreement is void, because it was not in writing, it is sufficient to say, that the testimony does not sustain the allegation, or rather, is not sufficient to overcome the positive denial made in the answer. In the first place, the testimony of the witness is by no means definite and clear, that de-

fendant ever extended the time, and least of all, six months. In the next place, he was not present at any negotiation between the parties, but the witness details what defendant said. This kind of testimony is always weak, and must be received with great caution. But a more conclusive view than either of the preceding is, that this testimony stands uncorroborated. No other witness is introduced, and no circumstance or circumstances are given, in support of the averment in the bill. Where a material averment in a complainant's bill in chancery, is positively denied by the respondent, as in this case, the testimony of one witness is not sufficient to overcome the answer. This rule is too familiar to the professional mind, to require more than its statement. There must be something more than the oath of the witness against that of the respondent. For these reasons, we conclude, that the averment in the bill, that the time was extended, is not sustained by sufficient proof, to entitle complainant to relief on this ground.

As shown in the statement, there was some testimony as to the manner in which defendant transacted his business. This testimony was not regarded as pertinent, and therefore, was not set out at length. This, perhaps, needs a word of explanation. Two or three witnesses speak of having had time extended to them on land contracts by the defendant, and of his custom requiring prompt payments. There is nothing, however, to show that either party to this contract acted in view of any such custom, or that plaintiff, at least, knew anything of it. There is no pretence that any general universal custom governing all contracts made by defendants, is shown, and under such circumstances, we regard all such proof immaterial.

The decree below is reversed, and cause remanded, with instructions to the court below to dismiss the bill.