[Filed November 29, 1886.]

GEORGE THOMPSON *v.* IRA HAWLEY.

SPECIFIC PERFORMANCE—PLEADING—NEW MATTER.—In a suit for specific performance, the defendant has a right to plead in his answer, as new matter, a contract different from the one alleged in the complaint, and the court will then ascertain from the evidence which was the real agreement.

SAME—DECREE.—In such case, if the court finds the agreement alleged in the answer to be the real agreement, the defendant is entitled to a decree in accordance therewith.

VENDOR AND VENDEE—GOOD AND SUFFICIENT DEED—WARRANTY.—Where
the terms of a contract are such as to bind the grantor to convey
by good and sufficient deed, or to make a good and sufficient conveyance,
he can only perform his agreement by making a good and sufficient title.
But where it appears from the contract, or the circumstances accompany-
ing it, that the parties had in view merely such a conveyance as will
pass all the title which the vendor had, whether defective or not, that is
all the vendor can insist upon.

LAKE COUNTY. Defendant appeals. Reversed, and re-
manded for further proceedings.

*Joshua J. Walton* and *John Kelsay*, for Appellant.

*Warren Truitt* and *Wm. H. Holmes*, for Respondent.

STRAHAN, J.—This is a suit in equity, brought to enforce
the specific performance of a contract to convey certain lands
situate in Lake County, Oregon. The complaint alleges in
substance these facts : " That on June 25th, 1880, at Silver
Lake, Oregon, the defendant sold to the plaintiff the real prop-
erty particularly described, and agreed to and with the plain-
tiff that upon the payment of $1,800, with interest thereon at
10 per cent. per annum from said June 25, 1880, the said sum
being the purchase price of said land, as agreed upon by said
plaintiff and defendant, said defendant would execute and de-
liver to plaintiff a good and sufficient deed, that would con-
vey to the plaintiff the title in fee simple to said land ; that on
said 25th day of June, 1880, the plaintiff did, by virtue of and
under the said sale, enter into the possession of all the above
described land, and ever since has been, and now is, in the ac-
tual and exclusive possession of said land, and has placed per-
manent improvements thereon, of the value of $250 ; that on
June 11, 1884, the plaintiff paid to the defendant the full sum
of $1,800, together with interest thereon at the rate of 10 per
cent. per annum, from June 25th, 1880, and that defendant
received the same in full payment for said land ; and that said
plaintiff has duly performed all the conditions of said contract
on his part to be performed. That the defendant, though fre-
quently requested, has failed, neglected and refused, and still

neglects and refuses to make, execute, or deliver to the plaintiff any deed whatever to said premises, and has wholly failed and refused to convey to plaintiff any title whatever to said land.

The defendant's answer is as follows :

"The defendant herein, for answer to plaintiff's amended complaint, denies that the defendant sold the premises described in plaintiff's complaint, particularly described as the N. E. ¼ of Section 8, the N. W. ¼ of N. W. ¼ of Section 9, T. 28 S., R. 14 E., Lake County, Oregon, except as hereinafter alleged in defendant's separate and further answer.

" Denies that defendant promised or agreed, or in any manner undertook, to make the best title to plaintiff that the defendant could, as the heir of Lyman L. Hawley, and perfect the same.

" And denies that he, defendant, promised or agreed to make any title to said premises, except as hereinafter alleged.

" Denies that defendant did, on June 25, 1880, or at any other time, make, or execute, or deliver to plaintiff, or any other person, the instrument of writing set out in plaintiff's complaint.

" Denies that said instrument of writing is correctly set out in plaintiff's complaint.

" Denies that the instrument of writing signed by this defendant contained the words ' and perfect same,' or was intended to contain the same.

" Denies that defendant promised or agreed to perfect the same, meaning the title to said premises.

" Denies that said instrument in writing was so delivered to plaintiff as evidence of the sale of said property as aforesaid, or the land described therein, as the hay ranch belonging to the estate of Lyman L. Hawley, except as hereinafter alleged.

" Denies that on said 25th of June, 1880, the plaintiff, by virtue of the sale above set forth, entered into possession of said above described premises, or ever since has been in actual or exclusive possession of said land, excepting as hereinafter alleged.

" Denies that defendant has failed to perform the conditions of his contract, in this :   That he has failed, neglected or refused, or still neglects or refuses, to make the proof of reclamation, or pay the balance of the purchase price for said land.

" Denies that there was ever such a contract made or entered into, between plaintiff and defendant.

" Denies that defendant agreed or promised to make proof of reclamation, or pay the balance of the purchase price for said land.

" Denies that defendant has wholly failed, or neglected, or refused, or still neglects or refuses, to make any kind of conveyance to the plaintiff of any title whatever, in or to said described lands.

" And for a further and separate answer and defense, the defendant alleges that on or about the 25th day of June, 1880, the defendant agreed to sell to the plaintiff a certain lot of sheep, being 1505 head, at $1.50 per head, and all his right and title in and to the hay ranch of Lyman L. Hawley, son of defendant, together with certain personal property as follows: The kitchen and household furniture, two head of cows, two calves, one horse, two wagons, set of harness, mowing machine, hay rake, forks, and other tools belonging to the ranch, and 2,500 poles."

Defendant alleges it was agreed and understood by and between plaintiff and defendant, at the time mentioned, that the defendant would make, execute and deliver to said plaintiff a quit claim deed to said premises, and that plaintiff could make proof of reclamation, and pay the balance of the purchase price to the State of Oregon ; if the State of Oregon held the said premises as swamp and overflowed land.

" Defendant alleges that the personal property, consisting of the kitchen and household furniture, two cows and calves, one horse, two wagons, one set of harness, mowing machine, hay rake, forks, tools and 2,500 poles, which were turned in with the ranch, were intended to pay the said plaintiff for the balance due the State of Oregon on the purchase price of said land; and the said personal property last mentioned was turned

over and delivered to said plaintiff in such consideration, and accepted by him.

"That said personal property, as delivered to said plaintiff, was of the reasonable value of $300 ; that at the time of making such sale of said premises the defendant was offered the sum of $2,000 for the same, if the defendant would make a warranty deed to the same.

"The defendant alleges that said plaintiff wrote the said bill of sale of the personal property and memorandum of the sale of said hay ranch set up in plaintiff's complaint, and read the same to this defendant in the presence of the said witnesses signed thereto, and that if the said words "and perfect the same" were written in said instrument, the said plaintiff failed and neglected to read the same to defendant, or that defendant did not understand the same, thereby intending to deceive and cheat this defendant.    That defendant did not read said instrument of writing, but relied wholly upon the said plaintiff to write the same, and read the same to this defendant.

"Defendant alleges that he would not have signed the said instrument of writing, if said words 'and perfect the same' had been read to him ; or if he had known the said instrument of writing contained said words.

"And defendant further alleges, that before the said contract was consummated, before the said property or any part thereof was delivered to plaintiffs, and before the said plaintiff would make any payment on said contract, the defendant, at the special instance and request of said plaintiff, made, executed and delivered to plaintiff, on or about the 3d day of July, 1880, a bond for a deed for said premises.    That the said defendant delivered said bond to said plaintiff on or about the 3d day of July, 1880 ; and thereupon the said plaintiff made a payment on said contract of about $2,000, and the defendant then and there delivered the said personal property and said real estate to the said plaintiff.

"That the said bond for a deed to said premises was then and there read over and accepted by said plaintiff, and has been in his possession ever since said time, and is now in his possession.

" That the-said bond for a deed to said premises is in words and figures as follows, except the acknowledgment thereto; and the defendant has no copy thereof, the same being in the possession of said plaintiff, to wit:

" Know all men by these presents:

" That I, Ira L. Hawley, sole heir and legal representative of the estate of L. L. Hawley, deceased, of the county of Lane, State of Oregon, am held and firmly bound unto George Thompson, of the county of Lake, State of Oregon, in the sum of eighteen hundred dollars, gold coin of the United States of America, to be paid to the said George Thompson, his executors, administrators or assigns, for which payment well and truly to be made, I bind myself, my heirs, executors, and administrators firmly by these presents. Sealed with my seal, and dated the 3d day of July, A. D. 1880.

" The condition of the above obligation is such, that if the above bounden obligor shall, on or before the third day of July, A. D. one thousand eight hundred and eighty-four, make, execute and deliver unto the said George Thompson—provided that the said George Thompson shall on or before that day have paid to the said obligor the sum of $180 yearly as the annual interest upon $1,800, at ten per cent., and at the end of four years from this date the sum of $1,800, the price agreed to be paid therefor—a good and sufficient conveyance, with full warranty only against my heirs, executors and administrators, all that tract of land belonging to the estate of L. L. Hawley, deceased, situate in the county of Lake, State of Oregon, bounded and described as follows, to wit: The N. E. ¼ of Sec. 8 and N. W. ¼ of N. W. ¼ of Sec. 9, T. 28 S., R. 14 E., containing 200 acres: then this obligation to be void, otherwise to remain in full force.          (Signed)          IRA HAWLEY.

" Done in the presence of:

" R. B. HATTON.

" J. KNOX."

" The said bond for a deed above described and set forth was duly acknowledged before R. B. Hatton, county clerk of Lake County, Oregon, but that the defendant has no copy of

said acknowledgment, and cannot set out a copy of the same in this answer.

"That the said last mentioned instrument of writing contains all the terms of the contract for the sale of said real estate between the plaintiff and defendant. The defendant alleges that he has fully and completely executed and complied with the said contract set forth in said bond for a deed."

That on or about the 3d day of January, 1885, the said defendant made, executed and duly acknowledged a deed of conveyance, conveying to the said plaintiff all the right, title and interest of the said defendant in and to the said premises, describing the said land in said conveyance as the N. E. ¼ of Section 8, and N. W. ¼ of N. W. ¼ of Sec. 9, T. 28 S., R. 14 E., containing 200 acres, in the county of Lake, State of Oregon.

That the said defendant, through his agent, Wm. Lane, tendered said deed of conveyance to the said plaintiff George Thompson, at Lake County, Oregon, and he, the said George Thompson, refused to accept the same.

The defendant alleges that he is now, and has been at all times since the expiration of said bond, ready and willing to comply with the conditions of said bond.

That a deed conveying all the right, title and interest in and to said premises is now ready to be delivered to said plaintiff, executed and duly acknowledged according to law.

The defendant further alleges that at the time of delivering said bond to plaintiff, he also delivered to him, plaintiff, the receipt from the State of Oregon for twenty per cent. paid on said lands by said L. L. Hawley, deceased, which was to aid said plaintiff to make proof in acquiring a title for said lands from the State of Oregon, and which receipt is now in the possession of said plaintiff.

All of the foregoing answer included in quotation marks was, on motion of the plaintiff, stricken out, and the cause having been tried, the plaintiff obtained a decree from which this appeal is taken. The propriety of the ruling of the court in striking out defendant's answer, is the first question demanding attention. That the defendant had a right to plead

a contract in his answer different from the one alleged in the complaint, I have no doubt. It is new matter, constituting a defense. This part of the answer presented an issue that was material. If the contract pleaded in the answer was the only contract made between the parties, then it constituted a defense to the plaintiff's suit. On such a state of the pleadings, the trial court would ascertain from the evidence which was the real agreement, and enforce it accordingly. The defendant, by his answer, having submitted to specific performance of the agreement set up by him, is entitled to a decree in accordance with the answer, if the same is sustained by the evidence. (Waterman on Spec. Perf., Sec. 101; *Bradford* v. *Union Bank of Tennessee*, 13 How. 69.) Some of the authorities hold that if the agreement alleged in the answer is the real agreement, the suit must be dismissed. (*Byrne* v. *Romaine*, 2 Edward's Ch. 445.) But I think the other the better rule, for the reason that the litigation is terminated more promptly and at less expense, and the rule seems to be supported by the better authority.

On the argument, counsel for the plaintiff insisted that in case of an executory agreement for the sale of real property, the law implies a warranty of title, and that the terms in the agreement requiring a good and sufficient conveyance. bind the vendor to convey a good title ; and cite *Burwell* v. *Jackson*, 9 N. Y. 535. I have also examined *Cogan* v. *Cook*, 22 Minn. 137, and *Shreck* v. *Pierce*, 3 Iowa, 350, and authorities there cited. Also *Porter* v. *Noyes*, 11 Am. Dec. 30, and note. On the other hand, counsel for appellant contend that the terms *good and sufficient conveyance*, in the writing set up in the answer, import a deed which shall be in proper form to pass to the grantee whatever title the vendor had at the time of the sale, and no more. And they cite *Gazley* v. *Price*, 16 Johns. 269; *Finney* v. *Ashley*, 15 Pick. 552 ; *Aiken* v. *Sanford*, 5 Mass. 494; *Parker* v. *Parmelee*, 20 Johns. 130 ; *Brown* v. *Covillaud*, 6 Cal. 573 ; *Green* v. *Covillaud*, 10 Cal. 322 ; *Barrow* v. *Bispham*, 11 N. J. 119, and some other authorities. On this subject the earlier authorities are in conflict, and not

easily reconciled. It seems to me that the more reasonable rule is, that where the terms of the contract are such as to bind the grantor to convey by good and sufficient deed, or to make a good and sufficient conveyance, he can only perform his agreement by making a deed that will pass a good title. But if it clearly appears from the contract itself, or from the circumstances accompanying it, that the parties had in view merely such conveyance as will pass the title which the vendor had, whether defective or not, that is all the vendee can claim or insist upon. (*Porter* v. *Noyes*, 11 Am. Dec. 30, and note, where the later authorities are collated.) By the terms of the contract pleaded by the defendant, he was bound to make " a good and sufficient conveyance, with full warranty *only* against my heirs, executors, and administrators." If this was the agreement, it bound the defendant to convey such title as he had, and which conveyance must contain the covenants mentioned in the writing. On the other hand, if the agreement is as set out in the complaint, it can only be performed by the vendor's making and delivering a deed that shall vest the fee in the vendee. Such a contract requires a conveyance that shall be good in form and good in substance, and that shall vest in the grantee a fee simple in the land conveyed.

The decree will be reversed, and the cause remanded for further proceedings. The defendant may apply to the court below for leave to amend his answer, if he shall be so advised. The other judges concur.