GEORGE J. McMANUS and another *vs.* FRANK BLACKMARR.

November 13, 1891.

**Vendor and Purchaser—Contract to Sell merely Vendor's Interest —Defect in Title—Rights of Purchaser.**—If it clearly appears from an executory contract for the sale of real property, taken in connection with the allegations found in a pleading, the sufficiency of which is in issue, that the parties contemplated and bargained for nothing more than a conveyance which would pass such rights and interests as the vendor might have or that they had in view, and contracted for the mere transfer of the title held by the vendor, whether defective or not, that is all a vendee can claim or insist upon.

**Same—Default by Purchaser after Part-Payment—Recovery of Money so Paid.**—When a vendee enters upon the performance of a contract to purchase, and, paying a part of the consideration, makes inexcusable default, he cannot maintain an action to recover the money so paid.

**Same.**—*Held*, in the case at bar, that the complaint failed to state a cause of action.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns*, J., presiding, overruling his demurrer to the complaint in an action to recover $2,100, paid by plaintiffs to defendant on a contract to purchase 388 lots at Fond du Lac, in this state.

*Wm. B. Phelps,* for appellant.

*S. T. Harrison* and *Wm. A. Cant,* for respondents.

COLLINS, J.   Appeal from an order overruling a general demurrer to the complaint, in which were set out *in hæc verba* two written agreements, executed and delivered by defendant to plaintiffs, one of date August 9, the other dated August 19, 1890.   The one first mentioned acknowledged the receipt of the sum of $100 from plaintiffs, and in consideration thereof gave to them the option or privilege of purchasing a large number of lots in a certain town-site within 10 days from date.   A portion of the purchase price was to be paid by plaintiffs' assumption of three specified notes given by defendant to one Clark, and secured by a mortgage upon the lots.   The balance of the purchase price was to be paid in cash, August 19, 1890.   In this agreement were the following words : "The abstract of title furnished them to be returned to me in case they do not purchase.   In case of sale I agree to deed by quitclaim."   It was alleged in the complaint that on August 19th plaintiffs notified defendant of their intention to take the property, and paid him $2,000, whereupon he executed and delivered the writing of that date.   In this the receipt of the $2,000 was acknowledged.   No change was therein made as to amount or method or terms of payment of the purchase price, except that an extension of two days—until August 21st—was given for the balance of the cash payment to be made to defendant.   In this writing was the following paragraph : "I agree to deed by special warranty."   The complaint further alleges, briefly stated, that on August 21st the plaintiffs were ready, willing, and able to accept a deed of the specified property, and to pay for the same, and that on the same day defendant tendered to them a deed purporting to convey the property, but that his title thereto was clouded, defective, and unmarketable in several particulars, expressly stated; and that, as to a large number of the lots, particularly described, he had no title whatsoever, and would not and could not perfect or obtain the title. The object of the action was to recover the amounts paid by plaintiffs, on the ground of defendant's inability to confer a good title to the property.

It is undoubtedly true, as stated in *Hedderly* v. *Johnson,* 42 Minn. 443, (44 N. W. Rep. 527,) that courts will not compel a vendee of real estate to take an unmarketable title when he has stipulated for a good one; but we have no such case to deal with. There was no express stipulation in either of these writings that the contemplated purchasers should have a good title to the property, and, as we construe the language, it distinctly repudiates the idea that there was an agreement to that effect by implication; and of course the rules which would govern a court of equity in an action to enforce specific performance have no application. The plaintiffs' right to recover is based, according to their complaint, upon two contracts, relating to the same subject-matter and the same transaction, and these contracts must be treated and construed as one. The first was a mere option or offer to sell on specified terms and conditions in force for 10 days, (until August 19th,) time being made of the essence of the writing. An abstract was furnished by the party giving the option, and, if his proposition was not accepted, this abstract was to be returned. One of the terms or conditions contained in the writing and impressed upon the option was in respect to the conveyance, it being plainly stated that the transfer should be by quitclaim deed, which, as everybody knows, and depending wholly upon the state of the vendor's title, might or might not confer a good title upon the vendees. That the defendant could give an option to purchase or make an offer to sell just such rights or interests as he had in the land, nothing more, must be conceded, no matter what might be expected or exacted in respect to title should his option or offer be without limit or restriction on that subject; and in such a case the admitted rule as to title, where an executory contract, unqualified in its terms, has been entered into for the sale of land, as announced by this court in *Drake* v. *Barton,* 18 Minn. 414, (462,) could have no pertinency. This because an intention to sell simply the vendor's rights and interests, his claim or title, whatever it might prove to be, had been expressed in the writing. The question, therefore, may, and frequently does, become one of intention, to be determined by construing the contract. Such is the case before us, and the result depends

upon the construction to be placed upon two agreements, taken as one, in connection with the allegations of the complaint.

It is evident from the writing of date August 9th that the defendant did not propose to convey by deed of warranty. He had furnished to the plaintiffs an abstract of title, and emphatically said to them that he could convey by quitclaim only, thus proposing to transfer nothing more than the title he had. He placed in their hands for inspection an abstract which disclosed his full claim to the property, admittedly of some value, and for a specified sum of money offered to transfer his interests to plaintiffs, should they decide to accept his proposition within 10 days. This is a fair interpretation of the language used. The stipulation as to a quitclaim deed did not go to the form of the conveyance only, but was a condition bearing directly upon the vendor's title. The complaint alleges that within 10 days—on August 19th—the plaintiffs notified defendant of their intention to purchase, whereupon the agreement of that date was entered into. This notification was an acceptance of the offer of August 9th, with its terms and conditions, whatever they were. It was equivalent to saying that "upon an examination of your title to the property, as shown by the abstract, a deed which conveys that title, although it may be defective, will be satisfactory." The proposed vendor would then have fully and adequately performed on his part had he tendered a deed of quitclaim. The later agreement, of August 19th, was simply in line with the earlier, of date August 9th. It did not change the situation, except that the clause in which time had been made of the essence of the option did not appear, and the period within which the full cash payment was to be made and the transaction consummated was extended two days,—until August 21st. The vendor also stipulated (undoubtedly because of the extension of time within which the full cash payment was to be made until August 21st) that he would execute a deed with special covenants, instead of a quitclaim. To that extent the provision found in the agreement of August 9th was modified, but the intent of the parties as therein expressed—the one to convey, the other to receive, whatever title the proposed vendor had in the property—remained unaffected. As we understand the pleading, the defendant has offered

to perform in strict accordance with his contract, and the plaintiffs, declining the conveyance tendered, are in default. We fully recognize the rules laid down in *Drake* v. *Barton, supra; Cogan* v. *Cook,* 22 Minn. 137; and *Murphin* v. *Scovell,* 41 Minn. 262, (43 N. W. Rep. 1.) But if.it clearly appears from the contract itself, taken in connection with all of the allegations of a pleading, the sufficiency of which is in issue, that the parties contemplated and bargained for nothing more than a conveyance which would pass such rights and interests as the vendor might have, or that they had in view and contracted for the mere transfer of the title held by the vendor, whether defective or not, that is all a vendee can claim or insist upon. See *Porter* v. *Noyes,* 2 Greenl. 22, (11 Am. Dec. and note;) *Thompson* v. *Hawley,* 14 Or. 199, (12 Pac. Rep. 276.)

It is unnecessary to cite authorities to the proposition that where a vendee enters upon the performance of his contract to purchase, and, paying part of the consideration, makes inexcusable default, he cannot maintain an action to recover the money so paid.

The demurrer should have been sustained.

Order reversed.