(Opinion published 55 N. W. Rep. 904.)

---

## WM. H. GRANT, JR., *vs.* ADOLPH MUNCH *et al.*

Argued May 22, 1893. Affirmed June 30, 1893.

**Time of the Essence of the Agreement.**

The intention of the parties to a contract for the sale and conveyance of real property, clearly and unequivocally expressed, that time is of the essence of the agreement, must govern in equity as well as at law.

**Vendor and Vendee.**

In such a contract it was stipulated that the agreement should be void, at the election of the vendors, in case the vendee defaulted in the payment of a part of the purchase price according to the conditions of his promis-

sory note of even date therewith. This note was made payable at a certain bank, was there for collection when due, and was not paid. The vendors gave immediate notice that they had elected to declare the contract void, and with this notice returned the note. *Held*, that it was not necessary for the vendors to prepare, and have at the bank, in readiness for delivery when the note matured, a deed of conveyance of the premises, nor was it incumbent upon them to return that part of the purchase price already paid in order to exercise their right to declare the contract void.

Appeal by plaintiff, William H. Grant, Jr., from a judgment of the District Court of Pine County, *F. M. Crosby*, J., entered August 22, 1892.

On February 14, 1891, the defendants, Adolph Munch and Anna Munch, his wife, sold and agreed to convey to plaintiff the northwest quarter of the northwest quarter of section ten, (10,) T. 42, R. 20, in Pine County, for $200, payable $50 on that day, and the residue in six months, with interest, for which plaintiff gave his note payable at the National German-American Bank in St. Paul. The contract of sale provided that if default should be made in the payment of the note, then the agreement should be void, at the election of the vendors, time being of the essence of the agreement. The vendee was given immediate possession of the forty acres.

When the note fell due it was presented at the bank for payment, but was not paid, and defendants elected to declare the agreement void, and on the next day sent written notice thereof to plaintiff and returned the note to him. He then offered to pay the note, and sent to the bank a draft for the amount, but it was returned to him. On August 31, 1891, plaintiff tendered to defendants the amount due on the note which they refused to accept. They never made or tendered a deed of the land, or offered to return the $50. The plaintiff never made any improvements on the land.

The plaintiff then brought this action for specific performance of the contract. The issues were tried May 20, 1892. Findings were made, and judgment entered for defendants, and plaintiff appeals.

*J. F. Fitzpatrick*, for appellant.

The plaintiff claims that the findings of fact do not sustain the conclusions of law, and that upon the findings of fact the plaintiff is entitled to judgment for specific performance. It was the duty

of the defendants to prepare and tender a deed of the land before plaintiff could be declared in default. *St. Paul Div. No. 1 S. of T.* v. *Brown,* 9 Minn. 157, (Gil. 144;) *Hubbell* v. *Von Schoening,* 49 N. Y. 326; *Johnson* v. *Evans,* 8 Gill, 155; *Higby* v. *Whittaker,* 8 Ohio, 198.

Before the defendants can rescind, they must return the purchase money paid, or offer to, and tender a deed. *Murphy* v. *Lockwood,* 21 Ill. 618.

Under the contract of the parties, the execution and delivery of the deed by the defendants, and the payment of the balance of the purchase money, were to be simultaneous and concurrent; and hence, if the defendants desired to put the plaintiff in default, it was their duty to accompany the demand for the unpaid balance of the purchase money by a tender of a deed. *Wyvell* v. *Jones,* 37 Minn. 68; *Gill* v. *Bradley,* 21 Minn. 15; *Leaird* v. *Smith,* 44 N. Y. 618.

*J. M. Gilman* and *Robertson Howard,* for respondents.

The holder of the note was not bound to give to the maker any notice whatever. He was bound to take notice when it became due and where it was payable. All he had to do was to have the money in the bank to meet it when and where it was payable. *Merchants' Bank* v. *Elderkin,* 25 N. Y. 178.

The note of plaintiff became due on August 17, 1891. That was the last day of grace. The note was then at the bank where payable, but the plaintiff had no funds there to meet it. The plaintiff was then in default in the payment of the note, and the defendants by the terms of the agreement had the option to declare the contract void and canceled. On the next day, to wit, August 18, they exercised their option in the matter by declaring the agreement canceled, and so notified the plaintiff in writing, which notice the plaintiff received on August 19. This was a right and privilege which the defendants had under the contract. They were required to give no notice whatever to the plaintiff. Upon his default the defendants had the option to declare the contract canceled. *Paget* v. *Park,* 50 Minn. 186; *Coles* v. *Shepard,* 30 Minn. 446; *Schuman* v. *Mark,* 35 Minn. 379; *Wells* v. *Smith,* 2 Edw. Ch. 77, 7 Paige, Ch. 22; *Gray* v. *Tubbs,* 43 Cal. 359.

The plaintiff, being in default, ·is not entitled to have refunded, the fifty dollars which he had paid on the contract. *Johnston* v. *Johnson*, 43 Minn. 5; *McManus* v. *Blackmarr*, 47 Minn. 331.

COLLINS, J. This was an action for specific performance of a contract for the sale and conveyance of real estate. At the time of the sale one-fourth of the purchase price was paid by the vendee, and the balance was to be paid in six months, according to the conditions of the vendee's promissory note of even date. By the terms of the contract, prompt performance on his part was required of the vendee; and it was expressly provided that if he should make default in his payment the contract should be void, at the election of the vendor, "time being of the essence of this agreement." The note was made payable at a certain bank in the city of St. Paul, and was there for collection on the day it matured,—August 17, 1891; but the maker did not have, nor -did any other person have, funds at the bank with which to pay it, and it was not paid. On August 18th—the day after that on which the note matured—the vendors elected to declare, and by written notice to the vendee did declare, the contract void, at the same time returning his note. Having been notified by the bank on August 17th that it held the note for collection, the vendee sent a draft for the full amount due. It does not appear from the findings when the draft was sent, but it was not received until August 20th, and was promptly returned. A few days afterwards the vendee made a tender, and demanded a deed, which was refused on the ground that the tender came too late.

It is now thoroughly established, with respect to contracts of this character, that the intention of the parties must govern, and if the intention clearly and unequivocally appears from the contract, by means of some express stipulation, that time shall be essential, then the time of completion, or of performance, or of complying with the terms, will be regarded as essential in equity, as much as in law. The courts cannot disregard and ignore express stipulations made by the contracting parties in respect to the essentiality of time, thus to make new contracts for them, although great hardship may result from a rigid adherence to such stipulations. In the contract now under consideration the vendors were given the right to declare

it void, should the vendee fail to strictly perform on his part, and this right they exercised upon discovering that he had defaulted in the payment of his note at the time and place agreed on. We have not the power to render this right, stipulated to them by the vendee, unavailable.

Counsel for appellant does not really dispute this, but urges that it was incumbent upon the respondents to show that they had prepared, and had ready for delivery at the bank, when the note matured, a deed of the premises in question, and that his client could not be declared in default without such a deed being in readiness for delivery upon payment of the note; payment and delivery being simultaneous and concurrent acts, as he puts it. Under the vendor's covenants in the contract to convey by warranty deed upon prompt and full performance by the vendee, the former were not bound to prepare a conveyance until the vendee was in a situation rightfully to demand it,—that is, when he paid his note,—and after that they would be allowed a reasonable time for drawing and executing the deed. *Wells* v. *Smith*, 2 Edw. Ch. 77, affirmed in 7 Paige, Ch. 22, a leading case. See, also, *Davis* v. *Stevens*, 3 Iowa, 158. The vendee could not have put the vendors in default, under the contract, by tendering or paying the amount of his note at the bank on the due day, and demanding immediate delivery of the deed. Nor, had the note been silent as to the place of payment, would it have been obligatory on the vendors to have prepared, and had in readiness for delivery, a deed of conveyance, on the day the note matured. It was not necessary that the vendors should return that part of the purchase price which had been paid, in order to exercise their right to rescind. *McManus* v. *Blackmarr*, 47 Minn. 331, (50 N. W. Rep. 230.)

Judgment affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 55 N. W. Rep. 902.)