C. C. Morgan, *Appellant,* v. Bradley L. Eaton, *et ux.,*
    *Appellees.*

Specific Performance—Remedy Is Mutual as Between
    Vendor and Vendee—Venue—Place of Acceptance
    Is Place of Accrual of Cause of Action—Party Con-
    tracting for Quit-Claim Title Cannot Defeat Spe-
    cific Performance by Showing Defects in Title—
    Amendments of Pleadings.

1. Where a person residing in one place makes a proposal to pur-
    chase property by letter to a person residing in another place
    and such proposal is there accepted, the place of acceptance,
    and not the place of the proposal, is the place of the contract.

2. A suit to enforce specific performance of an agreement to
    convey land need not be brought in the county where the land
    lies.

3. It is the settled rule that the remedy by specific performance
    is mutual as between vendor and vendee, and where the
    remedy is sought by the vendor, it makes no difference that
    the relief he seeks thereby is only to enforce the payment of
    a specific sum of money. And a suit by a vendor for specific
    performance of a contract for the sale of land cannot be de-
    feated on the ground that there is a remedy at law.

4. It is the settled rule here that our trial courts are vested with
    a broad discretion in the matter of allowing amendments of
    the pleadings in a cause, and unless there is a gross and
    flagrant abuse of this discretion, the appellate court will not
    interfere with its exercise.

5. The rule is that where it appears from the contract, or the
    circumstances accompanying it, that the parties had in view
    merely such a conveyance as will pass all the title which the
    vendor had, whether defective or not, that is all the vendee
    can insist upon.

This case was decided by Division B.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*C. C. Morgan, in pro per.;*

*George M. Powell* and *C. E. Pelot,* for Appellee.

TAYLOR, J.—The appellees filed their bill in equity in the circuit court of Duval County for the specific perform-ance of a contract for the purchase from them by the appellant of divers tracts of land situated in DeSoto county, Florida. The bill alleges that the contract of purchase made by the defendant, Morgan, stipulated only for a quit claim deed to all of the interests of the complainants in and to said land, which deed was to be executed and delivered upon the payment by the defendant of the sum of $500. That the deed as stipulated for was executed and tendered to the defendant but he failed and refused to comply with his contract of purchase. The bill also alleges that the said contract was made in the city of Jacksonville in Duval county. The defendant filed a plea in abatement of said suit on the ground that he, the defendant, was not a resident of Duval county where said suit was instituted, but resided in DeSoto county, and that said cause of action did not accrue in Duval county; and that the lands in controversy are not in Duval county, but in DeSoto county. This plea was overruled on argument, and the defendant then demurred to the bill on the grounds that there was no equity in said bill; that the complainant had an adequate remedy at law, and that it does not appear from said bill that complainant will suffer irreparable injury by reason of the failure of the defendant to perform the contract sued upon. This demurrer was

overruled, and the defendant then answered the bill alleging that the complainant had no title to said lands that he .could convey; that all of his estate in said lands had been forfeited by tax sales thereof and tax titles. A voluminous amount of testimony was taken and reported to the court, and at the final hearing a decree was rendered in favor of the complainants ordering the defendant to specifically perform his said contract by accepting the quit-claim deed tendered to him by complainants and by paying the contract sum of $500 therefor. From this decree the defendant below appeals to this court. The order of the court overruling the defendants plea in abatement is assigned as error. There was no error in this ruling.

Section 1383 of our General Statutes of 1906, provides that: "Suits shall be begun only in the county    *    *    * where the defendant resides, or where the cause of action accrued, or where the property in litigation is."

Was Duval county, under the circumstances of this case, the place where the complainants cause of action accrued? We think that it was. The facts were that the defendant residing in DeSoto county by letter addressed to the agent and attorney of complainants who resided in Jacksonville in said Duval county proposed to purchase the property at the stipulated sum, and said agent and attorney at said Jacksonville accepted the proposition. It seems to be well settled law that where a person residing in one place makes a proposal to purchase property by letter to a person residing in another place and such proposal is there accepted, the place of acceptance, and not the place of the proposal, is the place of the contract. 22 Am. & Eng. Ency. Law (2nd ed.) p. 1324 and numerous cases there cited.

A suit to enforce the specific performance of an agreement to convey land need not be brought in the county

where the land lies. 20 Ency. of Pl. & Pr., p. 407, and authorities there cited.

The order overruling the defendants demurrer to the bill is assigned as error. There was no error here. It is the settled rule that the remedy by specific performance is mutual as between vendor and vendee, and where the remedy is sought by the vendor it makes no difference that the relief he seeks thereby is only to enforce the payment of a specific sum of money. Fry on Specific Performance of Contract, p. 32; Yulee v. Canova, 11 Fla. 9.

A suit by a vendor for specific performance of a contract for the sale of land cannot be defeated on the ground that there is a remedy at law. Hodges v. Kowing, 58 Conn. 12, 18 Atl. Rep. 979, 7 L. R. A. 87; Pomeroy's Contracts (2nd ed.) p. 6; Story's Eq. Jur. (11th ed.) paragraph 723.

The defendant after replication to his original answer made two applications to file a supplemental answer which proposed answer set up other and divers tax titles that it was claimed divested the complainant of all interest in the lands—but both of these applications were denied by the chancellor and such rulings are assigned as error. There was no error here. It is the settled rule here that our trial courts are vested with a broad discretion in the matter of allowing amendments of the pleadings in a cause, and unless there is a gross and flagrant abuse of the discretion, this court will not interfere with its exercise. Smith v. Westcott, 34 Fla. 430, 16 South. Rep. 332. The proposed amendments to the defendants answer urged nothing more than an accumulation of encumbrances on the title of the complainants to said lands, some of which had already been set up in the original answer, but none of which were available to the defendant as a defense to the suit. The contract of the defendant was for a quit-claim deed to such interest and only such interest as the complainant had in

said land, and to take such quit claim *cum onere* of such outstanding tax titles as existed against them. The rule is that where it appears from the contract, or the circumstances accompanying it, that the parties had in view merely such a conveyance as will pass all the title which the vendor had, whether defective or not, that is all the vendee can insist upon. Thompson v. Hawley, 14 Ore. 199, 12 Pac. Rep. 276; Newark Savings Institution v. Jones's Exrs., 37 N. J. Eq. 449; Pomeroy's Contracts, p. 450.

We think the decree of the court below was fully justified by the evidence in the cause, and the said decree is, therefore, hereby affirmed at the cost of the appellant.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.

Petition for rehearing in this case denied.