NELSON REAL ESTATE AGENCY v. FLORENZ SEEMAN, AS ADMINISTRATOR OF THE ESTATE OF FRED RICHTER, DECEASED.[1]

December 17, 1920.

No. 21,929.

**Soldiers' and Sailors' Civil Relief Act — construction.**

1. The act of Congress known as the Soldiers' and Sailors' Civil Relief Act (40 U. S. St. 440), by its express language becomes inoperative and without effect upon the death or discharge of a soldier or sailor within its protection, and an order of a court requiring a refundment or return of money paid prior to his entry into the service upon an executory contract for the sale of land as a condition to a cancelation thereof, is not authorized by the act in an action or proceeding commenced subsequent to such death or discharge.

[1] Reported in 180 N. W. 227.

**Vendor and purchaser—repayment to defaulting vendee.**

2. A vendee, who defaults in the payments due under such a contract and announces his inability to perform the same, is not entitled, unless the contract so provides, to a return of a payment made when the contract was entered into, nor has the court, in the absence of a statute to that effect, authority in equity to require a return of the money by the vendor as a condition to a cancelation of the contract.

Action in the district court for Sibley county for specific performance of a contract for the sale of land or for the cancelation thereof. The case was tried before Tifft, J., who made findings and as conclusions of law found that upon filing with the clerk of court a receipt from the administrator showing that plaintiffs had paid to him $743.31 and an affidavit of one of the plaintiffs, their agent or attorney, showing that such notice to terminate the contract as is prescribed by section 8081, G. S. 1913, had been served and not complied with within the time therein provided, or upon so filing a waiver of such notice by defendant, plaintiffs were entitled to judgment canceling the contract. From an order denying their motion to amend the conclusion of law or for a new trial, plaintiffs appealed. Reversed.

*George A.* and *C. H. MacKenzie,* for appellants.

*T. Otto Streissguth,* for respondent.

BROWN, C. J.

The facts in the case are not in dispute. It appears that on July 3, 1917, plaintiffs and decedent, Fred Richter, entered into an executory contract for the sale of certain land owned by plaintiffs, situated in the state of Montana. The contract was in the usual form of such instruments, provided for a down payment on the purchase price of $1,000 which was made, and the payment of the balance at stated times in the future, upon the completion of which plaintiffs were to execute to decedent a conveyance of the land. On September 20, 1917, decedent, being subject to the military service under the Federal selective draft act, was duly inducted into that service, and continued therein until October 18, 1918, when he was killed in action on the battlefields of France. Two deferred payments on the purchase price of the land fell due under the contract during the time of his military service and were

not made, and to this extent there was default on his part in the performance of the contract. Subsequent to his death defendant herein was duly commissioned administrator of his estate by the probate court of Sibley county, this state, whereof decedent was a resident at the time he entered the military service. This action was thereafter brought against him as such administrator for the specific performance of the contract, or for the cancelation thereof if performance cannot be had. Defendant interposed in defense the military service of decedent, and, conceding his default in the payments due under the contract and alleging that, by reason of lack of funds, the estate is unable to complete the same, demanded under the provisions of the Act of Congress known as the "Soldiers' and Sailors' Civil Relief Act" (40 U. S. St. 440), that as a condition to the cancelation of the contract the court require of plaintiffs a refundment of the down payment of $1,000. The court granted that relief, and ordered judgment canceling the contract on the condition that plaintiffs return the down payment, less certain taxes paid by them and the value of the use of the land subsequent to the date of the contract. Plaintiffs appealed from an order denying their motion for an amendment of the findings or for a new trial.

1. We are clear that the learned trial court was in error in requiring a return of the down payment as a condition to a cancelation of the contract. The general purpose of the act of Congress under which the court acted was the protection of those in the military service in their civil rights during the period of service, and to prevent undue advantage being taken of them in their absence. It was a temporary expedient, and became by its own terms inoperative upon the discharge or death of a soldier or sailor within its protection. Subdivision 2 of section 101 of the act (40 U. S. St. 440) provides that:

"The term 'period of military service,' as used in this act shall include the time between the following dates; for persons in active service at the date of the approval of the act it shall begin with the date of approval * * *; for persons entering active service after the date of this act, with the date of entering active service. It shall terminate with the date of discharge from active service or death while in active

service, but in no case later than the date when this act ceases to be in force."

This provision is explicit and expressly limits the period of protection given by the act to the death or discharge of the soldier or sailor entitled to its benefits. In this case decedent was killed in action on October 18, 1918, and, on that date, the act by its terms became terminated and inoperative as to him.

2. We find no sufficient reason from the record for holding that plaintiffs are without right to urge the question in this court. The precise point was necessarily involved in the action and the record does not sustain the claim of waiver by not urging it upon the attention of the court below. Nor can the decision of the trial court be sustained on the theory that it is within the authority of the court, in such cases, in the exercise of its equity jurisdiction, without regard to the act of Congress, to require of the vendor a refundment of payments made on the contract as a condition precedent to a cancelation thereof for the default of the vendee to complete the payments. No such authority is given by statute, and the right of refundment, not being provided for by the contract, does not exist as a matter of law. Here the personal representative of decedent confesses the default and pleads the inability of the estate to perform the contract by making and completing the payments required thereunder. Plaintiffs at no time have been in default. That there is in such case no right of refundment was held in Johnston v. Johnson, 43 Minn. 5, 44 N. W. 668; McManus v. Blackmarr, 47 Minn. 331, 50 N. W. 230; and Grant v. Munch, 54 Minn. 111, 55 N. W. 902. There are authorities in other states holding otherwise, but the rule in this state is expressed in the cases stated.

Order reversed.