ELLAS INVESTMENT COMPANY, a corporation, *Appellant*, v. W. H. NOBLES and A. B. DAY, *Appellees*.

135 So. 909.

Division B.

Opinion filed July 14, 1931.

Petition for rehearing denied August 10, 1931.

*Marks, Marks & Holt,* of *Jacksonville,* for Appellant; *MacWilliams, Perry & Upchurch,* of St. Augustine, for Appellees.

DAVIS, J.—The appellant, Ellas Investment Company, filed its bill against W. H. Nobles and A. B. Day, appellees, seeking to enforce an equitable lien to compel the refunding of $5,000.00 earnest money, because appellees failed to furnish abstracts showing good record title.

The appellees by answer denied that they agreed to furnish a good title of record and that on the contrary they

exhibited the opinion of their attorneys to the agent of the appellant, one Gus Petroutsa, and that such agent became familiar with the condition of the title at the time the earnest money was deposited and agreed to accept title in the condition it then was.

A demurrer to the bill of complaint was over-ruled, after which the cause was referred to a Special Master to make findings as to the law and the facts. The Master found for the defendants and his finding was approved by the Chancellor, who entered a final decree dismissing the bill of complaint.

The testimony taken conflicts on all material issues. The contention of the appellees, which was accepted as true by the Master and the Chancellor, is that Mr. Petroutsa was introduced by a man named Hoppe to the appellee, Nobles; that they agreed upon terms, whereupon Mr. Nobles gave Mr. Petroutsa a memorandum embodying the essentials of the trade, copy of which memorandum was exhibited as a part of the bill of complaint. This memorandum shows that a more formal agreement was to have been executed within fifteen days, but this was never done. The memorandum that was executed is silent as to what the agreement was with reference to title. At the hearing Mr. Nobles testified on this point that he gave Petroutsa the abstract of title, together with an opinion thereon which he had received from his attorney; that Mr. Petroutsa examined the opinion and said that the title was satisfactory to him; that Mr. Nobles agreed to have the abstract brought up to date, but only agreed to give such title as it was understood was indicated by the abstract with the accompanying opinion of the attorney submitted therewith.

The rule is established that where it appears from the contract, or the circumstances accompanying it, that the parties had in view merely such a conveyance as will pass the title which the vendor had, whether defective or not,

that is all the vendee can insist upon. Morgan v. Eaton, 59 Fla. 562, 52 So. 305.

It has also been held that the vendee may waive all objections which may exist to the vendor's title, and where he does so he cannot rely upon such defects as a ground for refusing to perform, or for the recovery of payments on the purchase price. See Note 59 A. L. R. page 251.

The implication of law, in the absence of an express contract that a clear title is to be conveyed to the purchaser, may be rebutted by showing that the purchaser was aware of the existence of incumbrances on the estate or defects in the title when he purchased. See Maupon on Marketable Titles to real estate, 203.

Both the Master and the Chancellor accepted the version of the appellees as to the nature of the trade entered into, and in view of the well settled rule governing such matters, their findings will not be disturbed by this Court where it does not appear such findings are clearly wrong.

The decree appealed from is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.