John L. Brown

v.

The Illinois Central Mutual Insurance Company.

1. Judgment *upon a plea to the jurisdiction.* Where the defendant files a plea to the jurisdiction, and the plaintiff replies, and an issue of fact is joined, and on trial the issue is found for the plaintiff, the judgment of the court must then be rendered for the plaintiff, and the defendant cannot have leave to answer over.

2. Damages — *in such case.* In such a case, where the action is debt for a sum certain, and the issue on the plea is tried by the court and found for the plaintiff, the court should then render judgment for the plaintiff for the debt in the declaration mentioned, and proceed at once to assess such damages as the plaintiff might show he had sustained by the non-payment thereof.

3. Demurrer — *too late after issue of fact.* A demurrer to a declaration comes too late after an issue has been made up, and tried, and found for the plaintiff.

Writ of Error to the Circuit Court of Alexander county; the Hon. Wm. H. Green, Judge, presiding.

The facts in this case are very fully stated in the opinion of the court.

Mr. D. T. Linegar and Messrs. O'Melveny & Houck, for the plaintiff in error.

Messrs. McClernand, Broadwell & Springer, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of debt in the Alexander Circuit Court, brought to the June Term, 1865, by John L. Brown against the Illinois Central Mutual Insurance company. The agent of the company residing in that county was served with process, and on the 19th of June, at the June Term, the defendant filed a plea to the jurisdiction of the court, alleging therein, that, at the commencement of the suit, the defendant was, and still is, a resident of Sangamon county, and was not found or

served with process in Alexander county, and that the debt, contract, or cause of action did not accrue in Alexander county, nor was the contract specifically made payable there, and that the Circuit Court of Sangamon county alone has cognizance of the action, concluding with a verification.

The plaintiff replied, that the contract was made in Alexander county, and that the cause of action accrued in that county, and was made payable there, and that defendant was found and served in Alexander county, concluding to the country, and to which the defendant added the *similiter*.

On the 24th of June, the record shows this entry: On this day came the parties, etc., and this cause came on to be heard upon the replication of plaintiff to defendant's plea in abatement, and the demurrer of the defendant thereto, and the court, being fully advised, etc., is of opinion that the demurrer be overruled.

Thereupon the parties agreed the issue should be tried by the court without a jury. "Whereupon," the record states, "the pleadings herein are set aside, and a repleader awarded and the cause continued, each party to pay one-half the costs."

On the 26th day of June, the order setting aside the pleadings and awarding a repleader was vacated, and the defendant ordered to answer over, "and leave is given him to plead by eight o'clock next morning, and cause continued."

On the 28th of June, the defendant filed a demurrer to the declaration, assigning causes, which does not appear to have been disposed of by the court.

At the August Term following, the cause was continued until court in course.

At the succeeding January Special Term, 1866, this entry is found: "And now, at this day, came the parties, etc., and this cause came on to be heard upon the motion of plaintiff to strike the demurrer of defendant to the declaration from the files, and afterward, on the same day, the plaintiff comes and withdraws the said motion, etc."

On the 9th of February, 1866, being of the Special January Term, the plaintiff's attorney entered a motion, based on his

affidavit, to amend the record entries of the clerk, by inserting, after reciting the submission of the cause to the court for trial, these words, "that the issue was found for the plaintiff," and further to amend by inserting, that judgment to answer over be set aside, and that judgment be entered for the plaintiff on the issue so found for the plaintiff on the trial.

The court allowed the amendment first specified in this motion, and took the second proposed amendment under advisement.

The record then recites : "This day this cause came on to be heard upon the motion of the plaintiff to set aside the judgment heretofore entered herein, ordering the defendant to answer over, and the court, after hearing the arguments of counsel, and being now fully advised in the premises, is of opinion that said motion ought to be and the same is hereby allowed. Thompson, the plaintiff, moved the court for judgment for the plaintiff, on the issue found for him, which motion is overruled. It is, therefore, considered by the court that the plaintiff pay the costs, taxed at $——, and that the defendant go hence without day, and recover of the plaintiff its costs herein expended."

This record is brought here by writ of error, and the following errors assigned :

"The court erred in rendering final judgment against the plaintiff for costs—in rendering judgment that defendant go hence without day—in not allowing the plaintiff to assess his damages—in not rendering judgment for the plaintiff for nominal damages and costs, at least, on the issues found for him—in not rendering judgment for plaintiff for the *debt* claimed in declaration."

We will not consider the errors assigned, in the order is which they are assigned, or severally, but will dispose of the case on the whole assignment.

One consideration we think will dispose of all of them, and it is this :

When the record was amended by the entry that the issue of fact joined by the parties was found for the plaintiff, in what condition were the parties and the case? This is answered by considering what the nature of the action was, the issue made up by the pleadings therein, and the kind of judgment the court should have rendered.

The action was debt for a sum certain, and the issue was the non-residence of the defendant in the county in which the action was brought, and the non-accrual of the action there. That issue was found for the plaintiff, and thereupon the court should have found for the plaintiff the debt in the declaration mentioned, and, as the court was sitting as a jury to try the issue, the damages should have been found by the court.

That this is the rule a reference to authority will show. 1 Chitty Pl. 464; Gould's Pleading, 105; Stephen on Pl. ch. 5, § 3; and, in support thereof, Com. Dig. title "Abatement," I, 15; 1 East, 544; 2 Wilson, 368; 1 Levinz, 163; 1 Ventris, 22; Yelverton, 112; Thomas Raymond, 119; 1 Ld. Raymond, 594; 2 Sanders, 211 (n. 3), are cited.

This court, in *The Mineral Point R. R. Co.* v. *Keep,* 22 Ill. 19, recognize this rule. The judgment is peremptory, that the plaintiff recover his debt. 1 Tidd's Pr. 640.

In capital cases the rule is different — if an issue joined on a plea in abatement is found against the prisoner, the judgment *in favorem vitæ,* is a respondeat ouster, so that he is still permitted to plead to the merits. Gould's, 300, note (21), citing 2 Hawkin's P. C., ch. 23, § 128; 8 East, 107.

These considerations dispose of the errors assigned. The demurrer to the declaration was too late after an issue had been made up and tried and found for the plaintiff. The court had nothing more to do, than to render judgment for the debt, and assess the damages. Besides, the demurer was not filed in the time allowed by the court to answer, and that order to answer over was erroneous.

The judgment must be reversed, and the cause remanded, with directions to enter judgment for the plaintiff on the finding of the issue for him, and to assess such damages as the

plaintiff may show he has sustained by the non-payment of debt claimed in the declaration.

*Judgment reversed.*