| 82 | 149 |
|-----|-----|
| 104 | 836 |

COLES, SIMKINS & COMPANY *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY OF GEORGIA, and *vice versa.*

1. The gist of the action as originally brought was the refusal of the defendant to issue a through bill of lading over its own line and the line connecting its road with Brunswick, the latter extending from Albany to Brunswick. The suit was brought in Dougherty county ; and according to the allegations in the declaration, this refusal did not occur in that county, but in other counties. The suit ought to have been brought either in those other counties or in Chatham county, the residence of the defendant. The amendment which

alleged, in substance, that after the cotton in question.had been shipped in car-load lots over defendant's line of road to Albany, and before its arrival at Albany plaintiffs notified defendant's agent there that it was coming, and requested that it be transferred in the same cars from the defendant's road to the Brunswick and Western railroad, and that after the cotton arrived at Albany the same request was made, and defendant through its agent refused to comply with the request, did not contain such allegations as would give the superior court of Dougherty county jurisdiction.

(a) If defendant had made with plaintiffs a contract, whereby it agreed to ship the cotton from Americus to Brunswick, and when the cotton arrived at Albany in Dougherty county had failed and refused to transfer the cars from its road to the Brunswick and Western, that would have been a breach of its contract; and an action could have been brought in Dougherty county on that breach; but no such contract was alleged. Defendant had carried out its part of the contract by transporting the cotton from Americus and other cities to Albany. The amendment therefore did not cure the defect in the original declaration.

2. The judgment in the original bill of exceptions being affirmed, it is unnecessary to pass upon the questions made in the cross-bill.

March 1, 1889.

Railroads. Pleadings. Venue. Jurisdiction. Before Judge BOWER. Dougherty superior court. April term, 1888.

Reported in the decision.

GOODYEAR & KAY and D. H. POPE, for plaintiffs.

LAWTON & CUNNINGHAM, LYON & ESTES and W. T. JONES, for defendant.

SIMMONS, Justice. .

The plaintiffs in error were merchants doing business in the city of Brunswick. They purchased a large quantity of cotton in the interior of the State along the line of the defendant's railroad. They sought to have this cotton shipped in car-load lots from the stations

where purchased, to wit, Americus, Cuthbert and other places along the line of defendant's road, and over the Brunswick and Western railroad, to Brunswick. The defendant would only give a bill of lading over its own line to Albany, the terminus of its road, and charged local rates therefor. On this state of facts, the plaintiffs brought their action for damages against the defendant in the county of Dougherty, the terminus of the defendant's road. The action seems to have been based upon the refusal of the defendant to issue to the plaintiffs a through bill of lading over its own line and over the Brunswick and Western railroad, to Brunswick. The defendant demurred to this declaration, and one of the grounds of the demurrer was, that under the facts alleged in the declaration, the superior court of Dougherty county had no jurisdiction.

The plaintiffs then amended their declaration and alleged, in substance, that after this cotton had been shipped in car-load lots, and before its arrival at Albany, they had notified the agent of the defendant at Albany that said cotton was coming, and requested that said cotton should be transferred in the same cars from the defendant's road to the Brunswick and Western railroad, so that it might be carried in the same cars over the latter road to Brunswick; that after said cotton arrived in Albany, the same request was made, and the defendant, through its agents, refused to comply with said request. The defendant objected to this amendment on the ground that it was a new cause of action; but the court overruled the objection and allowed the amendment. The defendant renewed its demurrer to the action for want of jurisdiction. The court sustained the demurrer and dismissed the case. The plaintiffs excepted to the ruling and judgment of the court, and brought the case here for review. The defendant filed

a cross-bill of exceptions, and alleged that the court erred in allowing said amendment, because it was a new cause of action. The gist of this action, in the original declaration, was the refusal of the defendant to issue a through bill of lading over its own line and the line connecting its road with Brunswick.

1. According to the allegations in the declaration, this refusal did not occur in the county where the suit was brought, but in other counties, and we agree with the trial judge that the suit ought to have been brought either in those counties where the defendant refused to make a contract with the plaintiffs, or in Chatham, the residence of the defendant. There was no allegation in the original declaration which would give jurisdiction to the court in Dougherty county, nor do we think that the amendment alleged such facts as would give the court jurisdiction.

If the defendant had made with the plaintiffs a contract whereby it had agreed to ship this cotton from Americus to Brunswick, and when the cotton arrived at Albany in Dougherty county, had failed and refused to transfer the cars from its road to the Brunswick & Western, that would have been a breach of its contract, and an action could have been brought in Dougherty county on that breach. But there was no contract of that kind made between these parties, and therefore there was no breach of a contract in the county of Dougherty. The defendant had carried out its part of the contract by transporting the cotton from Americus and other cities to the city of Albany. The amendment, therefore, did not cure the defect in the original declaration.

2. As the judgment in the original bill of exceptions is affirmed, it is unnecessary to pass upon the question made in the cross-bill.

Judgment affirmed.