JOHN A. BISHOP, PLAINTIFF IN ERROR, VS. B. F. CAMP AND G. B. GRIFFIN, PARTNERS UNDER THE FIRM NAME OF CAMP & GRIFFIN, DEFENDANTS IN ERROR.

1. A plea seeking to make available the privilege accorded to a defendant by our statutes, of being sued in a county other than that in which the action is brought, is a plea in abatement, and not a plea to the jurisdiction of the court.

2. Where issue has been joined upon a plea in abatement (there being no other pleas in the case), and the issue submitted to a jury, resulting in verdict for plaintiff, the court should award judgment peremptory, *quod recuperet*, and not a default for want of a plea.

3. Where a plea in abatement presents defendant's only defense, upon a trial of the issue joined thereon the jury should, if they find for the plaintiff, assess the damages, in order that the court may enter final judgment. Where, however, the jury

fails to assess the damages, the court may proceed in any other legal manner to ascertain the amount of plaintiff's recovery; but it can not enter judgment by default for want of a plea, with instructions to the clerk to assess the damages where the demand sued upon is unliquidated.

Writ of Error to the Circuit Court for Alachua county.

The facts in the case are stated in the opinion.

*J. H. Burchell*, for Plaintiff in Error.

No appearance for Defendant in Error.

CARTER, J.:

On November 25, 1891, defendant in error sued plaintiff in error in the Circuit Court of Alachua county, in an action of assumpsit for money lent, and upon accounts stated. Defendant entered a general appearance on the rule day in December, and subsequently filed a plea praying judgment of the writ and declaration, and that the same be quashed, because the suit "was not brought in either the county in which the said defendant resides, or in which the cause of action accrued, and that Marion county, in the State of Florida, was the county in which the cause of action accrued, and is the county in which the defendant resides." Plaintiffs replied to this plea that the cause of action sued upon arose and accrued to plaintiffs in the county of Alachua. On June 14, 1892, at a term of the court then pending, the defendant failing to appear, a jury was impanelled to try the issues raised by this plea and replication only, and its verdict was favorable to the plaintiffs. Upon reception of this verdict the court entered judgment

by default against the defendant, for want of a plea, and directed the clerk to assess the damages, and upon such assessment rendered final judgment against defendant for $214.68 and costs, from which this writ of error was taken.

Plaintiff in error contends that the court erred, among other things, in entering the default. The plea interposed by defendant was a plea in abatement. It was not a plea to the jurisdiction of the court. It sought to make available the privilege accorded to defendant by our statutes of being sued in a county other than that in which the action was brought. Russ vs. Mitchell, 11 Fla. 80; Gibbs vs. Davis, 27 Fla. 531, 8 South. Rep. 633. Issue having been joined as to the truth of this plea, and the issue having been found in favor of the plaintiffs, the court should have awarded judgment peremtory, *quod recuperet*, and not a default for want of a plea. I Tidd's Practice, p. 641; Thompson v. Greenwood, 28 Ind. 327; Brown v. Ill. Central Mut. Ins. Co., 42 Ill. 366. The defendant had made no default in pleading. He had pleaded to the declaration, and upon a traverse of that plea it had been found untrue. This plea presented his only defense to plaintiffs' suit, and when the jury found against him on this defense, it was thereby determined that plaintiffs were entitled to recover in the action, as much so as if the verdict had been against defendant on a plea of the general issue. The only question left unsettled was as to the amount of plaintiffs' recovery. The court could and should have directed the jury which tried the issue to assess the damages, in case it found for the plaintiffs upon the issues joined. Failing to do that, the court should have proceeded in some other legal manner to ascertain the

*amount* which plaintiffs were entitled to recover (1 Tidd's Practice, pp. 574, 576); but it could not enter a default for want of a plea under these circumstances, any more than it could have entered a default upon sustaining a demurrer to the plea. Garlington vs. Priest, 13 Fla. 559; Hower vs. Lewton, 18 Fla. 328; L'Engle vs. L'Engle, 19 Fla. 714; Pettys vs. Marsh, 24 Fla. 44, 3 South. Rep. 577.

The judgement is reversed, and the case remanded. for the entry of a proper judgment upon the verdict,. and for final judgment upon ascertaining the amount of plaintiff's recovery.