PINKUS v. UNITED SUIT & CLOAK CO.

(Supreme Court, Appellate Division, Second Department.   February 28, 1908.)

VENUE—PLACE OF ACCRUAL OF CAUSE OF ACTION.
    Where, in an action for breach of a contract of employment, answer is made that plaintiff was discharged for incompetency, and damages due thereto demanded, it being obvious from the record that defendant will call as many witnesses as plaintiff, or more, the place of trial is the county wherein the cause of action arose.

Appeal from Special Term, Kings County.

Action by Morris Pinkus against the United Suit & Cloak Company. From an order denying defendant's motion to change the place of trial, defendant appeals. Reversed, and motion granted.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Thomas Woods, for appellant.
Sydney H. Palmer, for respondent.

GAYNOR, J.   This is an action for damages for breach of a contract of employment for one year by a discharge. The plaintiff was employed as a designer and foreman in the defendant's manufactory of women's garments at Syracuse in Onondaga county. A defence is pleaded that he was discharged for neglect and incompetency, by which a large number of garments were improperly fitted and made, and rejected by customers therefor, to the defendant's damage $1,500, for which judgment is prayed. The proof of this depends on the evidence of persons in the factory, and customers in that locality. It is obvious from the record that the defendant will call as many witnesses as the plaintiff or more. In such a case it is the rule in transitory actions that the place of trial should be the county in which the cause of action arose. Hausmann v. Moore, 7 App. Div. 459, 39 N. Y. Supp. 1089; Adriance, Platt & Co. v. Coon, 15 App. Div. 92, 44 N. Y. Supp. 288; Osterhout v. Rabe, 39 App.

Div. 415, 57 N. Y. Supp. 336. It is manifest that the defendant cannot try this case in Kings county without being put to extra expense and inconvenience which it should not be subjected to inasmuch as the cause of action arose in its county; all the more so, as the plaintiff's affidavit shows that a judgment could not be collected of him. The plaintiff gives a list of witnesses in Brooklyn who, he says, will testify that he is a competent or careful designer. It is doubtful if their evidence will become admissible. The evidence of the defendant has necessarily to be of specific acts of neglect and incompetence which justified his discharge, and that is what will have to be met.

The order should be reversed and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.