DEUTSCH v. E. M. UPTON COLD STORAGE CO.

(Supreme Court, Appellate Division, Second Department.    October 20, 1911.)

VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

    Plaintiff sued in O. county defendant, a warehouseman located in M. county, for damages to celery placed in store under a contract made in M. county, where the celery was delivered to the warehouseman and redelivered to plaintiff. Defendant expected to call several material witnesses who resided in M. county, and plaintiff expected to call about the same number who did not reside in that county. *Held*, that under such circumstances the venue should be changed to M. county, though some of the witnesses defendant expected to call were its employés.

    [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, Orange County.

Action by Samuel Deutsch against the E. M. Upton Cold Storage Company. From an order denying a motion to change the place of trial from Orange to Monroe county, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Merton E. Lewis, for appellant.
R. H. Barnett, for respondent.

RICH, J. This appeal is from an order of the Special Term denying a motion to change the place of trial of the action from Orange county to Monroe county for the convenience of witnesses, and to promote the ends of justice. The action is to recover damages for the alleged negligence of the defendant in storing a quantity of celery in its cold storage warehouse. The answer denies negligence, and alleges that at the time the celery was delivered to the defendant for storage it was frozen and in poor condition, that when it was redelivered to the plaintiff it was in as good condition as when received, and that it was then inspected by plaintiff and accepted.

The plaintiff is a resident of the county of Orange, and is engaged in the purchase and sale of celery in the borough of Manhattan, New York City. The defendant is a domestic corporation engaged in the business of cold storage for hire in the city of Rochester, Monroe county. The contract for storage was made in Monroe county. The celery was delivered to the defendant in that county, and the celery was redelivered to plaintiff in Monroe county. It appears that the defendant will call several material witnesses on the trial of the action who reside in Monroe county, and that the plaintiff will call about the same number of persons as witnesses who do not reside in the county of Monroe. Under such circumstances I think this court is committed to the rule that the trial should be had in the county in which the alleged cause of action arose. Pinkus v. United Cloak & Suit Co., 124 App. Div. 535, 108 N. Y. Supp. 932. In addition to this, it is made to appear that the defendant cannot try this action in Orange county without serious injury to its business, and this fact must not be overlooked in the determination of the question presented.

It is urged that some of the witnesses the defendant proposes to call are its employés, and that their convenience should not be considered in determining this motion. There is no direct proof supporting this contention; but, conceding it to be true, I know of no rule that the convenience of necessary and material witnesses for a party, who are his employés, should not be considered in determining an application of this character.

It follows that the order must be reversed, with $10 costs and disbursements, and the motion to change the place of trial from Orange to Monroe county granted, with $10 costs. All concur.