BUFFALO WHOLESALE HARDWARE CO. v. HODGEBOOM.

(Supreme Court, Special Term, Erie County. April 28, 1915.)

1. PLEADING ⬅142 — COUNTERCLAIM — CONDITION PRECEDENT — FAILURE TO ALLEGE.

A counterclaim failing to allege a condition precedent to the cause of action on which it is based is fatally defective.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 297, 300; Dec. Dig. ⬅142.]

2. SALES ⬅435—PERSONAL PROPERTY LAW—RETROACTIVE OPERATION.

As Personal Property Law (Consol. Laws, c. 41) § 157, as aided by Laws 1911, c. 571, expressly provides that none of the provisions of the law shall apply to any sale or contract to sell prior to its taking effect, sections 130 and 150, relating to notice of a breach of warranty and the measure of damages, are not controlling as to a counterclaim of a breach of warranty as to a sale made before the law took effect.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1239–1245; Dec. Dig. ⬅435.]

3. VENUE ⬅52—CHANGE FOR CONVENIENCE OF WITNESSES.

A motion for change of venue to a rural county for convenience of defendant's witnesses will be granted where it appears that, if one-half those suggested are needed, a considerable preponderance of witnesses would be accommodated; the tendency of the courts being to permit cases to go to such counties in view of the opportunities for speedy trial.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. ⬅52.]

Action by the Buffalo Wholesale Hardware Company against Samuel B. Hodgeboom. On motion by defendant to change the place of trial. Motion granted.

Cummings & Cummings, of Buffalo, for plaintiff.
E. W. Hamn, of Lyons, for defendant.

WOODWARD, J. This action was brought in Erie county to recover the sum of $401.80 for goods sold and delivered to the plaintiff, who conducts a retail store in the village of Ontario, Wayne county, this state. The plaintiff is a domestic corporation, having its principal place of business in the city of Buffalo; and no question is raised that the goods were sold and delivered to the defendant, though there is a question as to where the delivery was made. Neither is there any

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

question as to the value of the goods, nor the amount due thereon. The defendant, however, sets up a counterclaim in its answer, in which it is alleged that some time prior to the commencement of this action the defendant purchased certain hay carriers of the plaintiff, which said hay carriers are alleged to have performed their work properly, and the defendant claims to have expended the sum of $169.16 in attempting to make the said hay carriers work, and in removing the same from the barns of persons who had purchased the same of the defendant, and to have been damaged in the sum mentioned. The defendant likewise claims to be entitled to a credit on account of some goods returned in the sum of $24.20, and asks for allowance of these two claims as against the account asserted in the complaint.

The defendant has moved this court for an order changing the venue from Erie to Wayne county, on the ground that it is necessary for the convenience of witnesses, and the moving papers appear to have been drawn to bring the case within the established rules of practice in this state. Deutsch v. Upton Cold Storage Co., 146 App. Div. 588, 131 N. Y. Supp. 273; Brosky v. Hallock, 165 App. Div. 970, 150 N. Y. Supp. 755, and authorities there cited.

[1, 2] It is urged, however, that the damages claimed are upon a breach of warranty of quality, and that the case is governed by the provisions of section 130 of the Personal Property Law, as aided by Laws 1911, c. 571, and that as the pleadings do not allege that the defendant, after accepting the goods involved in the counterclaim, gave notice to the seller within a reasonable time of the alleged breach of warranty, there is a failure to allege a condition precedent, which would be fatal to the cause of action. Upon the theory, therefore, that the counterclaim fails to allege a cause of action, it is urged that we should disregard the convenience of witnesses who could not be used in proving a defective counterclaim. There can be no doubt that a cause of action which fails to allege a condition precedent is fatally defective, under the rule laid down in Wood & Selick v. Ball, 190 N. Y. 219, 225, 83 N. E. 21; but section 157 of the Personal Property Law provides that:

"None of the provisions of this article shall apply to any sale, or to any contract to sell, made prior to the taking effect of this article."

And this provision took effect on the 1st day of September, 1911, while the sale of the goods upon which the counterclaim is predicated took place in 1909 or 1910, and the plaintiff's own affidavit says the goods were paid for by the defendant on or about the 28th day of November, 1910.

It thus clearly appears that the provisions of section 130 of the Personal Property Law are not controlling in this action, and the same observations apply to section 150 of the Personal Property Law, which undertake to determine the measure of damages in cases of this character. But it is a statutory rule to take effect on the 1st of September, 1911, and by the provisions of the act itself it does not govern in the event that the contract under which the alleged warranty was made came into existence before that time.

[3] It seems to me highly probable that the defendant will find

no need of the number of witnesses suggested in his moving papers; but, if one-half of them were needed, it would still show a considerable preponderance of witnesses to be accommodated, and the tendency of the courts is to permit cases to go to the rural counties for trial, where the opportunities for speedy trial are considered as promoting the ends of justice. Mills v. Sparrow, 131 App. Div. 241, 242, 115 N. Y. Supp. 629, and authorities there cited.

The motion is granted, without costs.