W. E. O'NEILL, *Plaintiff in Error*, v. COATES PLUMBING SUPPLY COMPANY, A CORPORATION, *Defendant in Error*.

## Opinion Filed March 14, 1917.

PRACTICE AT LAW—AFFIRMATIVE CHARGE—SHOULD NOT BE GIVEN WHEN THERE IS CONFLICTING EVIDENCE ON THE ISSUE.

It is the well settled rule that where there is substantial conflict in the evidence on material issues in the case, it is for the jury to decide such conflicts, and that the trial court in such cases errs when he takes such question from the jury and decides it himself as a matter of law by giving an affirmative instruction to the jury to find the issue in favor of either of the parties.

Writ of Error to Circuit Court for Hillsborough County, F. M. Robles, Judge.

Judgment reversed.

*Fletcher & O'Neill* and *H. P. Baya*, for Plaintiff in Error;

*E. B. Drumright*, for Defendant in Error.

TAYLOR, J.—The defendant in error, hereinafter referred to as the plaintiff, sued the plaintiff in error, hereinafter referred to as the defendant, in the Circuit Court of Hillsborough County, the service of the summons in said cause being made by the Sheriff of Polk County in the latter county, upon a draft or order aggregating $1200.00 payable in different amounts at different dates. The defendant filed a plea alleging that before and at the time of the beginning of said action against him he resided in the county of Polk and still resided there and not

in the county of Hillsborough, and that he was not served with process in the county of Hillsborough, but was found and served with such process in said action in said county of Polk, and that the cause of action did not arise in the said county of Hillsborough, but did arise in the said county of Polk. Issue was joined on this plea, and the cause upon this issue was submitted for trial to a jury.

To disprove the issue raised by this plea the plaintiff introduced two witnesses, who testified that the instrument sued upon was signed and executed by the defendant in the city of Tampa in Hillsborough county—while on the other hand to sustain such plea the defendant himself, together with another witness on his behalf, testified that said instrument was signed and executed by the defendant in his office in the town of Lakeland in Polk county, and that he sent the same through the mails to the plaintiff in Tampa. After the evidence of these four witnesses had closed both parties rested their case thereon, and thereupon the plaintiff's counsel moved the court to instruct the jury to return a verdict in favor of the plaintiff upon such issue, which motion the court granted, and the defendant duly excepted, and such ruling is assigned as error. Thereupon the defendant moved the court for leave to file a plea to the merits, but the court overruled such motion and refused to permit the defendant to plead further, to which ruling exception was taken and such ruling is assigned as error. The same jury that under the instruction of the court returned a verdict in favor of the plaintiff on the issue raised by the defendant's plea in abatement then after hearing further evidence on behalf of the plaintiff as to the merits of its claim returned a verdict for the full amount of the plaintiff's claim with interest, upon which final judgment was entered, and this judgment is brought here for review by writ of error.

The court below erred in taking the issue raised by the defendant's plea in abatement from the jury and deciding it as a question of law by instructing the jury to return a verdict for the plaintiff on that issue. It has been repeatedly held here that where there are substantial conflicts in the evidence on material issues in the case, it is for the jury to decide such conflicts, and that the trial court in such cases errs when he takes such question from the jury and decides it himself as a matter of law by giving an affirmative instruction to the jury to find the issue in favor of either of the parties. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910; Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44; Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 South. Rep. 680; Smith v. Klay, 47 Fla. 216, 36 South. Rep. 54; Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558; C. B. Rogers Co. v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878; Anderson v. Southern Cotton Oil Co., decided this term.

For the error found the judgment of the court below is hereby reversed, at the cost of the defendant in error.

BROWNE, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.