J. W. NETTLES, *Plaintiff in Error,* v. GULF FERTILIZER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed November 29, 1919.

1 Where a person residing in one place makes a proposal to purchase property by letter to a person residing in another place and such proposal is there accepted, the place of acceptance, and not the place of the proposal, is the place of the contract.

2. A plea of privilege goes to the venue and not merely to the propriety of the service of process on the defendant.

3. If the suit is not brought in the county where the cause of action accrued or where the property in litigation is, or in the county where one of the defendants resides, service of process on a defendant in another county in which he "is to

be found" is not authorized by the statute; and a defendant may insist on his privilege of being sued in the proper county.

4. Where a plea of privilege is properly denied, the trial court will not ordinarily be held in error for denying a mere request for permission to plead to the merits, where no plea is offered and no showing is made of an existing defense to the merits.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*E. Bradley*, for Plaintiff in Error;

*Altman & Morrow*, for Defendant in Error.

WHITFIELD, J.—In an action of assumpsit brought in Hillsborough county against Nettles he pleaded that Hillsborough county "is not now and was not at the time of the filing of said suit or the service of the summons on him in said cause, or at any other time the county of defendant's residence, and is not the county in which process was served on the defendant in said cause. That the defendant at and before the institution of said suit and ever since said time has been and is now a resident of Manatee county, Florida, and not of Hillsborough county, Florida, and that said summons *ad respondendum* herein was served in Manatee county, Florida, and not in Hillsborough county, Florida, where the said suit is pending. Wherefore the defendant claims his privilege of being sued in Manatee county, Florida, the county of his residence, and the county in which the process in this cause

was served on him, and prays the court that the above cause be abated, and that the summons herein issued be quashed, as well as the return thereon.''

The parties waived a jury and submitted to the court on evidence adduced the issue of privilege made by the plea. After finding that the cause of action accrued in Hillsborough county, the court denied a request for permission to plead to the merits and entered judgment for the plaintiff on the evidence taken by consent as to the amount due. Defendant took writ of error and contends here that error was committed in the finding against the plea of privilege, in refusing a request for permission to plead to the merits and in entering judgment for the plaintiff.

The statutory provisions to be considered are:

''Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is.''

"If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith and with no intention to annoy the defendant. This section shall not apply to suits against non-residents.'' Sec. 1383 Gen. Stats. 1906, Compiled Laws, 1914.

''In all civil causes, summons ad respondendum, subpoenas and other process, when issued out of any circuit court of this State, shall run throughout the State, and be directed to all and singular the sheriffs of the State of Florida.'' Sec. 1397 Gen. Stats. 1906, Compiled Laws, 1914.

''All writs or process issued upon the institution of a suit which may be begun in a county where the defendant

does not reside, and all writs, process or notices requiring service upon a defendant not in the county where the suit is pending, may be served by the sheriff of the county in which the defendant is to be found.'' Sec. 1401 Gen. Stats. 1906, Compiled Laws, 1914.

The evidence shows that the defendant Nettles resided in Manatee county and was served in that county.

It appears that ''all the goods represented by the account sued on were purchased by the defendant from the plaintiff in the following manner: That the orders for the greater part of the goods were in writing, by letters addressed by the defendant in Manatee county, Florida, and received by the plaintiff in Hillsborough county, Florida, by due course of mail, and said witness introduced said original letters in evidence, which were received in evidence and ordered filed by the court; that all the goods not ordered in writing by letter were ordered by the defendant verbally through a traveling salesman of the plaintiff in Manatee county, Florida, but that all the orders for said goods, whether given to plaintiff's representative in Manatee county, or by mail direct to the plaintiff in Tampa, Hillsborough county, were confirmed, accepted and filed in Tampa, Hillsborough county, Florida; that the plaintiff had the right to either accept or reject said orders when they came in its office in Tampa, Florida; that all of said goods were sold to the defendant f. o. b. Tampa, Hillsborough county, Florida, and that the sale of each and every item on said account was consummated in Hillsborough county.''

Where a person residing in one place makes a proposal to purchase property by letter to a person residing in another place and such proposal is there accepted, the place of acceptance, and not the place of the proposal, is

the place of the contract. Morgan v. Eaton, 59 Fla. 562, 52 South. Rep. 305.

As the contract was in law made in Hillsborough county where the plaintiff does business, payment under the contract is presumably to be made in that county, therefore the failure to pay made the cause of action accrue in Hillsborough county, and under the statute above quoted the action was lawfully brought in Hillsborough county and service of process therein upon the defendant was lawfully made in Manatee county, where he resided, and where he was found. Sanchez v. Haynes, 35 Fla. 619, 18 South. Rep. 27; Santa Rosa County v. Trobuck, 77 Fla. 86, 80 South. Rep. 748; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 South. Rep. 517.

A plea of privilege goes to the venue and not merely to the propriety of the service of process on the defendant.

If the suit is not brought in the county where the cause of action accrued or where the property in litigation is, or in the county where one of the defendants resides, service of process on a defendant in another county in which he "is to be found" is not authorized by the statute; and a defendant may insist on his privilege of being sued in the proper county. Sanchez v. Haynes, 35 Fla. 619, 18 South. Rep. 27.

In E. O. Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South. Rep. 507, the cause of action accrued in the county where the defendant resided and the suit was erroneously brought in another county. See also Curtis v. Howard, 33 Fla. 251, 14 South. Rep. 812; O'Neil v. Coates Plumbing Supply Co., 73 Fla. 642, 75 South. Rep. 751.

In Peters v. E. O. Painter Fertilizer Co., 73 Fla. 1001, 75 South. Rep. 749, the cause of action accrued in the county where the suit was brought.

The bill of exceptions states that after the plea of privilege was denied on the evidence, "The defendant then asked permission of the court to plead to the merits of plaintiff's declaration, which request the court denied, to which ruling the defendant then and there excepted."

It does not appear that the defendant offered a plea to the merits or that he showed he had a defense to the merits of the case, therefore the court will not be held in error for denying the mere request for permission to plead to the merits. See Bishop v. Camp, 39 Fla. 517, 22 South. Rep. 735; E. O. Painter Fertilizer Co. v. DuPont, **supra**.

The evidence is sufficient to support the verdict and the judgment conforms to the law and the evidence.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.