McLendon et al. v. Lurton-Hardaker Co.—Syllabus.

JOHN M. McLENDON AND T. J. CAWTHON, LATE PARTNERS AS McLENDON AND COMPANY, *Plaintiffs in Error,* v. LURTON-HARDAKER COMPANY, A CORPORATION, *Defendent in Error.*

Opnion Filed February 16, 1922.

1. A plea of privilege to the venue is a plea in abatement.

2. In a trial on a plea in abatement where the finding is for the plaintiff, the judgment should be *quod recuperet* that the plaintiff recover.

3. Where the defendant succeeds on a plea in abatement, the judgment should quash the writ or declaration.

4. Under Section 2905, Revised General Statutes of 1920, a writ of error may be taken to an order granting a new trial on a plea in abatement to the venue.

5. Where a person residing in one county orders goods subject to acceptance of the order in another county and such order is there accepted, the place of acceptance and not the place of the order, is the place of the contract.

6. The trial court will not be held in error for granting a new trial to a plaintiff upon an issue found for the defendant, on a plea in abatement to the venue, where there is evidence tending to show that the cause of action accrued in the county where the action was brought.

A Writ of Error to the Court of Record for Escambia County; C. M. Jones, Judge.

Affirmed.

*S. K. Gillis,* for Plaintiff in Error.

*Carter & Yonge,* for Defendant in Error.

WHITFIELD J.—In an action of assumpsit brought in the Court of Record for Escambia County, the following plea was filed: ''The defendants in the above stated case, by attorney, for plea in abatement in the above stated case say that they do not now, and did not at the time that this suit was instituted, reside in Escambia County, Florida, that they are, and were at the time that this suit was instituted, residents of Walton County, Florida, that process herein was not served upon them, or either of them, in Escambia County, Florida, but in Walton County, Florida, that the cause of action sued upon in the above stated case did not accrue in Escambia County, Florida, but if any cause of action accrued any where it accrued in Walton County, Florida.''

Upon the plea the following judgment was rendered: ''This cause having been called for trial on this date, the parties being present in person and by counsel, it was agreed between the parties that the issue made by the plea in abatement be tried separately from the pleas to the merits, that a jury be waived and the issue was submitted to the court.

''After hearing the testimony of the witnesses, the argument of counsel and considering the same and being of the opinion that the defendants had sustained their plea in abatement.

''Therefore the court finds in favor of the defendants in the above stated case, and it is ordered that the above stated case abate, that the declaration herein be and is hereby quashed and that the defendants recover their costs in this

behalf expended, to be taxed by the Clerk of this Court, for which execution may issue.

"Thus Done and Ordered this March 5th, A. D. 1921.

(Signed) C. M. Jones, Judge."

Subsequently the following order granting a new trial was made:

"This cause came on to be heard upon the motion of the plaintiff for a new trial on the issues submitted on the plea in abatement herein and the court having heard the argument of counsel for the respective parties and having duly considered the matter and being now advised of its opinion, it is now therefore considered by the Court that the said motion be and the same is hereby granted and the plaintiff is granted a new trial upon the said issues; to which ruling defendants except and are allowed 30 days for presenting bill of exceptions."

A writ of error to the order granting a new trial was taken by the defendants below.

It is suggested by counsel for defendants in error that a writ of error does not lie to the order granting a new trial on the plea in abatement.

At common law and under the statutes prior to 1892, a writ of error could be taken only to a final judgment, and not to an order granting a new trial. 3 C. J. 314; Allen v. Lewis, 38 Fla. 115, 20 South. Rep. 821; Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Secs. 1263, 1267 Rev. Stats. 1892.

Section 1267 Rev. Stats. 1892, Sec. 1695 Gen. Stats. 1906, Sec. 1695 Compiled Laws, 1914, Sec. 2905 Rev. Gen. Stats. 1920, is as follows:

"Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ of error to the proper appellate court, which shall receive the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below,. for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto*, shall be made and prevail."

A plea of privilege to the venue is a plea in abatement, Bishop v. Camp, 39 Fla. 517.

In a trial on a plea in abatement where the finding is for the plaintiff, the judgment should be *quod recuperet* that the plaintiff recover. Bishop v. Camp, 39 Fla. 517, 22 South. Rep. 735. Where the defendant succeeds on a plea in abatement, the judgment should quash the writ or declaration. E. O. Painter Fertilizzer Co. v. DuPont, 54 Fla. 288, text 292, 45 South. Rep. 507; 23 Cyc. 773.

Where the finding on the facts in a plea in abatement is against the defendant, it is "thereby determined that the plaintiffs are entitled to recover in the action, as much as if the finding had been against the defendant on a plea of the general issue." Bishop v. Camp. *supra.*

A motion in arrest of judgment is as applicable to a finding for the plaintiff and judgment *quod recuperet* as to a judgment for plaintiff on a plea in bar. And a judgment *non obstanto veredicto* is as applicable to a verdict for the defendant on a plea in abatement as on a plea in bar. A judgment *quod recuperet* and a judgment quashing the declaration. or writ are both final judgments. But the statute gives the right to a writ of error "upon the entry of an order granting a new trial at. law * without

waiting for a final judgment in the cause.'' As a new trial may be granted on an issue made on a plea in abatement, and as the finding on a plea in abatement is subject to a motion in arrest of judgment or to a motion for a judgment *non obstante veredicto,* the quoted statute is as applicable to an order granting a new trial on an issue in abatement as in bar or on the merits. As to motions in arrest of judgment and judgments *non obstante veredicto,* see 15 R. C. L. 606, 682.

Suit shall be begun only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is. Sec. 2579 Rev. Gen. Stats. 1920.

Where a person residing in one county orders goods subject to acceptance of the order in another county and such order is there accepted, the place of acceptance and not the place of order, is the place of the contract. See Nettles v. Gulf Fertilizer Co., 78 Fla. 490, 83 South. Rep. 298; Morgan v. Eton, 59 Fla. 562, 52 South Rep. 305, 138 Am. St. Rep. 167.

As the evidence supports the contention made at the trial that the orders for goods in this case given in Walton County were subject to acceptance in Escambia County, the court will not be held in error for granting a new trial upon the theory that as the orders for the goods were accepted there, the cause of action accrued in Escambia County, and the action may be maintained in that county under the statute. Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866.

Affirmed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J. concur