[File No. 6141.]

T. T. BREVICK, Appellant, v. CUNARD STEAM SHIP CO., Ltd., and C. K. Ike.
CUNARD STEAM SHIP CO., Ltd., Respondent.

(247 N. W. 373.)

Opinion filed March 6, 1933.

*Burdick, Burk & Burdick,* for appellant.

*Nilles, Oehlert & Nilles (Lord, Day & Lord* of counsel) for respondent.

BURR, J. This is an appeal from the order of the district court sustaining the objection of the defendant, the Cunard Steam Ship Company, to the jurisdiction of the district court, and quashing the attempted service of process upon it.

The record shows defendant Ike is a resident of North Dakota. The summons was served upon him in this state personally, and also served upon him as the agent of the defendant Steam Ship Company.

It is the claim of the plaintiff that he purchased from the defendant Ike "a third class round trip ticket to Bergen, Norway, via Cherbourg, France, with a stopover in France," upon certain representations which were false, and that during his trip he was damaged by the negligence of the defendant Steam Ship Company through the false representations of Ike, and that said Ike was at that time the agent of the company and authorized to sell the tickets and to make the representations.

The appellant says the sole issue is "whether the Cunard Steam Ship Co., Ltd., was doing business in the State of North Dakota in such a way as to make it amenable to the service of process of the courts of

that state," and further says, this being so the next question is whether the defendant Ike "is an agent of the Cunard Steam Ship Company, Ltd., for the purpose of service of process of the courts of the state of North Dakota."

The action is one to recover damages suffered while the plaintiff was in France. The plaintiff says he was damaged in the sum of $500 because when he arrived at Cherbourg the plaintiff "was not permitted to land, and was not permitted to pursue the course of travel as promised by the defendants in said ticket and agreement issued thereon." Further,

"That the plaintiff while resting at bay outside the City of Cherbourg, France, was jostled about, questioned, embarrassed and humiliated, and that he was caused to be sent directly to Bergen, Norway, where he remained until his return to the United States. That the plaintiff was unable to see any part of Europe except that part immediate to Bergen, Norway, and that the plaintiff incurred expense by reason of the aforesaid representations of the defendant. That the plaintiff has been for the past eleven years employed by the Railway Express Agency in the City of Fargo, in said County and State, and that by reason of the said trip, and the aforesaid representations, the plaintiff was out of the employ of said company for approximately nine weeks. That by reason of all of the aforesaid, and that by reason of the aforesaid representations of the defendants the plaintiff has been further damaged in the sum of $500.00."

The affidavits in support of the motion to set aside the service of summons upon the Steam Ship Company show that this defendant is a foreign corporation "organized under the laws of the United Kingdom of Great Britain and Northern Ireland." This is not disputed.

The plaintiff does not claim this corporation has appointed either the Secretary of State or the Commissioner of Insurance as its attorney so that service of process, as authorized by sub-division 6 of § 7426 of the Compiled Laws, may be made upon either of these officers.

The statute cited says that where the defendant is a foreign corporation and has not appointed either the secretary of state or the commissioner of insurance its lawful attorney upon whom service of process may be made for it, and service cannot be made upon the president, secretary, cashier, treasurer, a director or managing agent, within

the state, doing business for the defendant, "it shall be lawful to serve such process upon any person who shall be found within this state acting as the agent of, or doing business for, such corporation. . . . But the service provided for in this sub-division can be made upon a foreign corporation . . . only when it has property within the state, or the cause of action arose therein."

Appellant makes no claim that the defendant corporation has property within the state, and therefore, unless the cause of action arose within this state, service upon Ike would not confer jurisdiction even if he were an agent of the company, or doing business for such company.

We need not concern ourselves as to whether the contract between the plaintiff and the Steam Ship Company was made in Fargo or made in New York. It is clear it was not to be performed in this State. The plaintiff does not claim he purchased from the company transportation from Fargo to France. His claim is he purchased a steamship ticket, according to his complaint "in the last part of May, 1932, entrained for New York City and presented his ticket to the defendant company on arrival and was accepted as a passenger on board one of their ships." The whole gist of the complaint is the breach of the contract for transportation from New York to Norway and return.

As said in Moherstadt v. Harry Newman Motor Cars, 204 Mo. App. 619, 217 S. W. 591, "the place of the breach of the contract rather than the place of making the contract, fixes the place where the cause of action accrues." See also Maxwell v. Atchison, T. & S. F. R. Co. (C. C.) 34 Fed. 286. The contract was not to be performed in this State and the acts which constitute the breach did not occur in this state. "Cause of action generally means breach of duty." Harvey v. Parkersburg Ins. Co. 37 W. Va. 272, 18 S. E. 580. And in Jackson v. Spittall, L. R. 5 C. P. 542, Pigott, B., says: "A cause of action was said to arise in that jurisdiction where the act is done which gives the plaintiff his cause of action." That the act done "which gives the plaintiff his cause of action" is not the contract entered into is shown in Durham v. Spence, L. R. 6 Exch. 46, where the court says:

"I understand by 'cause of action' that which creates the necessity for bringing the action. No doubt, to make the act or omission complained of the cause of action, a contract must have preceded; and so also a negotiation must have preceded the making of the contract. Yet

I should not include in the expression 'cause of action' that negotiation nor any of the other circumstances that might form part of the necessary evidence in the cause as the groundwork of the cause of complaint, but only the cause of complaint itself; that is the breach."

And Chesley, B., says:

"Now, the cause of action must have reference to some time as well as to some place. Does, then, the consideration of the time when the cause of action arises give us any assistance in determining the place where it arises? I think it does. The cause of action arises when that is not done which ought to have been done or that is done which ought not to have been done. But the time when the cause of action arises determines also the place where it arises; for, when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises. I cannot avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action; but a cause of action does arise when and where the person who has entered into a contract does, or omits to do, that which gives a cause of action."

That the place of the breach of the contract—where it was to be performed and is not performed—is the place where the action accrued is shown in Hibernia Nat. Bank v. Lecombe, 84 N. Y. 367, 38 Am. Rep. 518, with an extended discussion on page 526 of the latter volume. See also Pinkus v. United Cloak & Suit Co. 124 App. Div. 535, 108 N. Y. Supp. 932. The place of performance is the place of the breach, because there the contract is broken. People ex rel. Columbine Mercantile Co. v. District Ct., 70 Colo. 540, 203 Pac. 268. Unless the place of performance is specifically stated in the contract the general rule is that the place where creditor resides is the place of performance, and hence the breach by debtor—that is, failure to perform—fixes the venue in a case where the venue is set where the cause of action arose. The cause of action arose where the one required to perform failed to perform.

As said in Anglo-American Land Mortg. & Agency Co. v. Lombard (C. C. A. 8th) 132 Fed. 721, "the place where a cause of action arises is determined by inquiring not where it may be enforced but where the act or breach arises which gives the cause of complaint and creates the necessity for bringing an action."

"Statutes fixing the venue at the place where the cause of action accrued are construed to mean the place where the facts creating the cause of action occurred." Goodwin Preserving Co. v. Davis, 201 Ky. 646, 258 S. W. 97. See also Houston & T. C. R. Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Shaffer's Estate, 228 Pa. 36, 76 Atl. 716.

In Pennsylvania Lumbermen's Mut. F. Ins. Co. v. Meyer, 197 U. S. 407, 49 L. Ed. 810, 25 S. Ct. 483, a cause of action on a policy of fire insurance on property situated in New York State was said to arise "where the property insured was situated in that State," and not in Pennsylvania where the insurance company had its office and where the contract was completed, all applications being received and accepted in Pennsylvania and policies executed and issued therein. In Shelby Steel-Tube Co. v. Burgess Gun Co. 8 App. Div. 444, 40 N. Y. Supp. 871, there was an action in New York courts between two foreign corporations—one from Ohio and one from West Virginia. The Ohio company accepted in Ohio a written order for goods received from the West Virginia Company's place of business in Buffalo, New York, shipped the goods to Buffalo and at Buffalo the defendant refused to pay. It was held that because of the breach of contract in Buffalo the cause of action accrued in New York State so as to give the New York courts jurisdiction on an action brought by the Ohio company. In Coles v. Central R. & Bkg. Co. 82 Ga. 149, 9 S. E. 127, 128, where the defendant was sued for failure to issue a through bill of lading and transfer goods to another line the court said that if the railway company had agreed to do this and to carry the goods and, when the goods arrived at the end of its line in Dougherty county, "had failed and refused to transfer the cars from its road—that would have been a breach of the contract and an action could have been brought in Dougherty county on that breach."

There are cases found where the courts held that the place where the contract was made is where the cause of action accrues and not the place of the breach (such as McLendon v. Lurton-Hardaker Co. 83 Fla. 263, 91 So. 113, and Steele v. Rutherford, 70 N. C. 137) and in many of these cases this principle is announced because the place of performance is frequently the place where the contract was entered into, or no place of performance is mentioned, and it is then assumed

the place where the contract was made was the place of performance, and hence the contract was breached where made.

The service was attempted to be made under the provisions of subdivision 6 of § 7426 and the plaintiff claims that the defendant Ike was a person who was "found within this state acting as the agent of or doing business for" the steam ship company; but the statute says that "the service provided for in this sub-division can be made upon a foreign corporation . . . only when it has property within the state or the cause of action arose therein." The defendant Ike not being one of the officers of the foreign corporation upon whom the service of process could be made under provision of subdivision 5 of § 7426, and the cause of action not arising in this state, and it not being shown that the defendant company has property in this state, the trial court obtained no jurisdiction over such defendant and the order therefore is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BIRDZELL and BURKE, JJ., concur.